Boris Avramski, Esq.
Nevada Bar No. 11350
AVRAMSKI LAW, PC
4640 W. Charleston Blvd.
Las Vegas, NV 89102
Phone: (702) 685-3618
Fax: (702) 664-0555
E-mail: bkhelpvegas@yahoo.com
Attorney for debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In Re:

Lazaro Y. Perez and Catalina Perez

Debtor(s).

Case No.: 09-26439-LBR
Chapter 13

Hearing Date: December 30, 2009
Hearing Time: 10:00 p.m.

**DEBTOR'S OPPOSITION TO MOTION FOR**
**RELIEF FROM AUTOMATIC STAY AND/OR REQUEST FOR RENOTICING UNDER NRS 107.080 (AS REQUIRED UNDER NEVADA ASSEMBLY BILL 149 EFFECTIVE JULY 1, 2009) OR REQUEST FOR EVIDENTIARY HEARING ON WHETHER A REAL PARTY IN INTEREST PURSUANT TO FRCP 17 HAS BEEN NAMED IN CREDITOR'S MOTION FOR RELIEF**

Lazaro Y. Perez and Catalina Perez, Debtors, by and through their attorney of record, Boris Avramski, Esq., from Avramski Law, PC, file this opposition to US Bank National Association, as Trustee for Asset-Backed Pass-Through Certificates. Series 2006-NCL Secured Creditor herein, ("Secured Creditor" or "Movant" hereinafter), Motion for Relief from Automatic Stay on the following grounds:

1.  On September 02, 2009, Debtors filed the current Chapter 13 Petition in Bankruptcy with the Court.

2.  Debtors' Plan provides that Debtors are requesting to modify the terms of the mortgage loan secured by the property subject of this Movant's motion.

1

3. Debtors cannot afford their current monthly mortgage payment.

4. Under Debtors' Chapter 13 plan, Debtors will begin making direct payments to the servicer of the Secured Creditor when the terms of their mortgage loan are modified.

5. On or about December 02, 2009, Creditor filed a Motion for Relief from the Automatic Stay.

6. The asset securing US Bank National Association, as Trustee for Asset-Backed Pass-Through Certificates. Series 2006-NCL' claim is Debtors' primary residence and it is necessary for the Debtor's effective reorganization.

7. Debtor also believes that Creditor's motion was not filed by a "Real Party in Interest" pursuant to F.R.C.P. 17. F.R.B.P. 9014 incorporating Fed. R. Bankr. P. 7017;See *In re Wells*, No. 08-17639, 2009 WL 1872401, (Bankr. N.D. Ohio June 19, 2009); *In re Mitchell*, No. 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. March 31, 2009) (holding that MERS lacked standing to pursue stay relief when it could not show that it was either holder of the mortgage note or a transferee in possession of the note, as required by Nevada law to pursue a foreclosure); *In re Jacobsen*, 2009 WL 567188 (Bankr. W.D. Wash. 2009) (denying motion for stay relief because movant had not established either identity of holder of note or movant's authority to act on behalf of that party); *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008); *In re Hayes*, 393 B.R. 259 (Bankr. D. Mass. 2008); *In re Prevo*, 394 B.R. 847 (Bankr. S.D. Tex. 2008); *In re Maisel*, 378 B.R. 19 (Bankr. D. Mass. 2007) (standing/ownership of Creditor); *In re Schwartz*, 366 B.R. 265 (Bankr. D. Mass. 2007).  Here, the Movant failed to establish that it is a "Real Party in Interest" because the Movant has not provided a deed of trust naming it as a beneficiary. The deed of trust supplied by the Movant to support its motion names New Century Mortgage Corporation as beneficiary not the Movant.  Therefore, the Movant does not have standing to pursue a relief form stay.

8. Accordingly, Debtors request Secured Creditor's motion be denied or in the alternative requests this Court order and evidentiary hearing be held to determine whether Secured Creditor has proper standing and authority to bring this motion.

9. In the event this Court is inclined to grant Secured Creditor's request for relief

from the automatic stay, the Debtors request that Your Honor require Secured Creditor to renotice any pending foreclosure action under NRS 107.080 (as revised by Nevada Assembly Bill 149, effective July 1, 2009) by this Creditor to the extent applicable.

10. Pursuant to NRS 107.082 if a foreclosure "sale has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080." NRS 107.080 (as revised by Nevada Assembly Bill 149 effective July 1, 2009) requires Secured Creditor to provide Debtor a notice of election to enter into court mandated mediation.

WHEREFORE, Debtor requests:

1. WELLS FARGO BANK, N.A.'s Motion be denied; and/or
2. Order that and evidentiary hearing be scheduled to determine whether Creditor has proper standing and/or authority to bring the instant motion;
3. Attorney's fees for opposing Creditor's motions and representing Debtor in an evidentiary hearing in the event Creditor cannot establish property standing or authority to bring the instant Motion for Relief;
4. In the event Your Honor grants relief from stay, that Secured Creditor be required to renotice its foreclosure proceeding pursuant to Revised NRS 107.080 (as effective through Nevada AB 149, July 1, 2009), thus providing the Debtor an opportunity to elect court mandated mediation in State Court; and/or
5. Such other relief as the Court finds appropriate.

Dated this 10th day of December, 2009.

Respectfully submitted.

/s/BORIS AVRAMSKI, ESQ.
Boris Avramski, Esq.
Attorney for debtor

///

///

3

**CERTIFICATE OF MAILING RE:**
**DEBTOR'S OPPOSITION TO MOTION FOR**
**RELIEF FROM AUTOMATIC STAY**

I hereby certify that on December 10, 2009, I mailed a true and correct copy, first class mail, postage prepaid, of the above listed document to the following:

/s/George Haines, Esq.
Attorney for Debtor

Gregory Wilde
208 S. Jones Blvd
Las Vegas, NV 89107